**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Diane Judy,
**Plaintiff Below, Petitioner**

**vs.)  No. 22-0101** (Pendleton County 17-C-5)

**Hinkle Trucking, a West Virginia**
**Corporation, Gary Hinkle, individually and in**
**his capacity as an officer of Hinkle Trucking, Inc.,**
**and Travis Hinkle, individually and in**
**his capacity as an officer of Hinkle Trucking, Inc.**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Diane Judy appeals three orders from the Circuit Court of Pendleton County granting summary judgment to respondents on all of petitioner's claims.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

Petitioner was an at-will employee of Respondent Hinkle Trucking as a driver on three separate occasions between 1998 and October 10, 2016, when petitioner resigned without notice. On August 31, 2016, petitioner filed a lawsuit against respondents, alleging they violated West Virginia Code § 21-5-3 of the West Virginia Wage Payment and Collection Act ("WPCA") with respect to her compensation by failing to pay her all wages due under her employment agreement. That action, Pendleton County Civil Action No. 16-C-24, was dismissed by agreed order on October 29, 2018. After resigning in 2016, petitioner filed Pendleton County Civil Action No. 17-C-5, and eventually filed a second amended complaint, advancing a claim under the West Virginia Human Rights Act ("WVHRA") in Count I, specifically asserting that, as a female, she is a member of a protected class.

Respondents filed motions for summary judgment, which the circuit court granted in three separate orders, including one that was filed under seal. A substantial portion of the circuit court's findings, and our findings related to petitioner's assignments of error on appeal, are based upon

---

[1] Petitioner is represented by Harley O. Staggers, Jr., Lia DiTrapano Fairless, and L. Tom Price, and respondents are represented by Julie A. Moore, Jerry D. Moore, and Jared T. Moore.

the "Settlement Agreement and General Release" ("Release") petitioner signed when resolving 16-C-24. That release provided, in relevant part, that petitioner fully and forever waives, releases, and discharges respondents

> from any and all claims, demands, actions, causes of actions, judgments, rights, fees, damages, debts, obligations, liabilities, and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, that [petitioner] may have or has ever had against [respondents], or any of them, arising out of, or in any way related to [petitioner's] hire, benefits, employment, or separation from employment, by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence, or other matter from the beginning of time up to and including the date of [petitioner's] execution of this Agreement, including but not limited to: (a) any claims or causes of action arising under any federal, state, or local law, including but not limited to . . . the West Virginia Human Rights Act (WVHRA), W.Va. Code § 5-11-1, *et seq.* . . . any claims arising under tort, contract, or quasi-contract law, including, but not limited to . . . employment . . . or retaliatory discharge, claims based on *Harless* and its progeny . . . The only claims that shall not be released by [petitioner] are the causes of action asserted by her within her Second Amended Complaint in 17-C-5.

On appeal, petitioner asserts that the circuit court erroneously granted the motions for summary judgment.[2] As this Court has consistently stated, "'A circuit court's entry of summary judgment is reviewed *de novo*.' Syllabus Point 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994)." Syl. Pt. 1, *Goodman v. Auton*, -- W. Va. --, 880 S.E.2d 57 (2022).

Although petitioner's argument headings do not follow her assignments of error, as required by Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, it appears that she contends that she presented a prima facie case of discriminatory motive so respondents' motions for summary judgment should have been denied. We have held that

> [i]n order to make a prima facie case of employment discrimination . . . the plaintiff must offer proof of the following: (1) That the plaintiff is a member of a protected class. (2) That the employer made an adverse decision concerning the plaintiff. (3) But for the plaintiff's protected status, the adverse decision would not have been made.

Syl. Pt. 3, *Conaway v. E. Associated Coal Corp.*, 178 W. Va. 164, 358 S.E.2d 423 (1986). Petitioner's discrimination claims are based upon her gender. However, in her deposition, she denied that three of the five pleaded acts of alleged discrimination ever occurred; she specifically

---

[2] Petitioner's nine-sentence statement of the case lacks any citation to the record and provides very little substantive information. We, therefore, remind petitioner of the mandates of Rule 10(c)(4) of the West Virginia Rules of Appellate Procedure, which requires that the Statement of the Case be "[s]upported by appropriate and specific references to the appendix or designated record, the statement of the case must contain a concise account of the procedural history of the case and a statement of the facts of the case that are relevant to the assignments of error."

denied that her loads changed, her pay changed, or that anyone failed to maintain her truck. With regard to the allegedly harassing text messages from Travis Hinkle and advertising her assigned truck on Facebook as available, petitioner admitted that those actions were not based upon her gender but were, instead, based on the fact that she filed her WPCA lawsuit. Further, a review of those text messages reveals that they address petitioner driving five days a week rather than four; petitioner bringing the truck back to the shop so another driver could use it in the evening and on her day off; petitioner's failure to keep the truck clean; necessary repairs on the truck; and petitioner keeping a dog inside of the truck when she drove. Therefore, we find that the circuit court did not err by granting respondents' motions for summary judgment as to discriminatory motive.[3]

It appears that her final argument is that respondents were not entitled to summary judgment because they subjected her to sexual harassment. The circuit court's grant of summary judgment as to this issue was based upon the Release petitioner signed when resolving her WPCA suit.[4] At the time she signed the Release, she was represented by counsel, who also represented her in this action, and she had filed her second amended complaint in 17-C-5, the action below that is currently on appeal. The circuit court found, and we agree, that petitioner released any claim for sexual harassment based upon allegations she was subjected to unwelcome sexual behavior by the mechanics at Hinkle Trucking because the claim was not pled in her second amended complaint – the only claims she reserved in the Release. Importantly, petitioner does not challenge the correctness of the circuit court's finding that the complaint does not set forth a claim for sexual harassment based upon unwanted sexual behavior by the mechanics or its ruling that, by virtue of the Release, petitioner released any claim she may have had against respondents for sexual harassment based on such behavior. We, therefore, find that petitioner is not entitled to relief on this ground, and the circuit court's summary judgment orders on appeal are hereby affirmed.

Affirmed.

**ISSUED:** February 14, 2023

---

[3] Petitioner's second argument heading is simply titled "Respondents' Burden," and the "argument" in this section is a mere four sentences. While petitioner references *Hanlon v. Chambers*, 195 W. Va. 99, 464 S.E.2d 741 (1995), she fails to set forth the *Hanlon* standard or apply the instant facts to that standard. Therefore, we decline to address this portion of petitioner's argument.

[4] "The law favors and encourages the resolution of controversies by contracts of compromise and settlement rather than by litigation; and it is the policy of the law to uphold and enforce such contracts if they are fairly made and are not in contravention of some law or public policy." Syl. Pt. 1, *Sanders v. Roselawn Mem'l Gardens*, 152 W. Va. 91, 159 S.E.2d 784 (1968).

Syl. Pt. 3, *Triple 7 Commodities, Inc. v. High Country Mining, Inc.*, 245 W. Va. 63, 857 S.E.2d 403, 407 (2021).

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn